USCA1 Opinion

 

 February 21, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT FOR THE FIRST CIRCUIT _________________________ No. 94-1825 PENNSYLVANIA MILLERS MUTUAL INSURANCE COMPANY, Plaintiff, Appellee, v. LEO H. CHEEVER, ETC., Defendant, Appellee. _________________________ JOHN DOE, ETC., Intervenor, Appellant. _________________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Joseph A. DiClerico, Jr., U.S. District Judge] ___________________ _________________________ Before Selya and Boudin, Circuit Judges, ______________ and Carter,* District Judge. ______________ _________________________ Geoffrey P. Lynch for intervenor-appellant. _________________ Kevin C. Devine, with whom Devine & Nyquist was on brief, ________________ ________________ for plaintiff-appellee. _________________________ _______________________ _______________ *Chief Judge, U.S. District Court for the District of Maine, sitting by designation. Per Curiam. In Burnham v. Guardian Life Ins. Co. of Per Curiam. ___________ _______ __________________________ Am., 873 F.2d 486 (1st Cir. 1989) we wrote: ___ This is a hard case hard not in the sense that it is legally difficult or tough to crack, but in the sense that it requires us, like the court below, to deny relief to a [party] for whom we have considerable sympathy. We do what we must, for "it is the duty of all courts of justice to take care, for the general good of the community, that hard cases do not make bad law." United ______ States v. Clark, 96 U.S. 37, 49 (1877) ______ _____ (Harlan, J., dissenting) (quoting Lord Campbell in East Indian Co. v. Paul, 7 Moo. _______________ ____ P.C.C. 111). Id. at 487. These words are equally applicable here. ___ We have read the record, studied the briefs, entertained oral argument, considered the parties' contentions, and examined the New Hampshire precedents that necessarily direct our disposition in this diversity case. When all is said and done, we do not believe that we can improve measurably on the district court's lucid exposition of the governing law, or that any useful purpose would be served by issuing a full-length opinion that merely recasts the district court's thesis in our own words. Consequently, we summarily affirm the judgment below, see 1st Cir. R. 27.1, for substantially the reasons set forth in ___ the district court's orders dated May 12, 1994, and June 27, 1994, respectively. We add two brief comments. First, we think that this case is clearly controlled by the New Hampshire Supreme Court's determination in Vermont Mut. Ins. Co. v. Malcolm, 517 A.2d 800 ______________________ _______ (N.H. 1986), which we read as holding unequivocally, on policy 2 language that is identical in every material respect to the language here at issue, that perpetrating a sexual assault on a minor is an inherently injurious act falling outside the purview of the insurance coverage afforded by a homeowner's policy. See ___ id. at 802. Second, we do not believe that the New Hampshire ___ Supreme Court's recent decision in Providence Mut. Fire Ins. Co. _____________________________ v. Scanlon, 638 A.2d 1246 (N.H. 1994), casts any legitimate doubt _______ upon either the authoritativeness or the continued vitality of the holding in the earlier Vermont Mut. case. ____________ We need go no further. The judgment below is summarily Affirmed. Affirmed. ________ 3